# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GABRIEL MARK ROBLES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 07-0132-CV-W-FJG |
| UNITED STATES OF AMERICA and | ) |
| EQUAL EMPLOYMENT OPPORTUNITY | ) |
| COMMISSION, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are (1) Plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 1); and (2) Plaintiff's Application for Appointment of Counsel (Doc. No. 3). Together with plaintiff's motions is plaintiff's Affidavit of Financial Status (Doc. No. 2).

**I.  Application for Leave to File Action without Payment of Fees (Doc. No. 1)**

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that he is unable to pay the costs of the lawsuit, and the Court determines that the lawsuit is not frivolous or malicious.

The Court must exercise its discretion in determining whether an applicant is sufficiently impoverished to qualify under § 1915. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948); Local Rule 83.7(a) (1999). A review of plaintiff's affidavit reveals that he is sufficiently impoverished to qualify under § 1915.

However, the Court's inquiry does not end with a finding of sufficient impoverishment. Instead, the Court "shall dismiss" cases filed in forma pauperis "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In the present matter, plaintiff has named the United States of America and the Equal Employment Opportunity Commission as defendants in the caption of his proposed complaint, and has named George W. Bush, James R. Neely, Jr., and Naomi Earp[1] as defendants in paragraph I.B. of his proposed complaint. Plaintiff alleges that he "was terminated from at least (7) places of employment after being a victim of racial & national origin discrimination and unsafe working conditions that were easily verifiable (drug screens, voluntary poly-graph exams) but ignored." The relief plaintiff requests is "Defendants should be ordered to award Plaintiff $10,000.00 per employer who violated Plaintiff's rights. Issue an order the operations of the EEOC be suspended until it is established it is a viable agency." Plaintiff further requests "$10,000 per employer for libel & slander which probably damaged Plaintiff's employment reputation. Mental anguish caused (stress) as pay check to pay check lifestyle could have left Plaintiff & wife homeless." Plaintiff states that he has not presented the claims in this action through any type of Administrative Procedure within any government agency, noting "Recent requests' for assistance from the Justice Department and historically, are futile. 'Don't bite the hand that fees you', attitude." Notably, plaintiff has not named his former employers as defendants.[2] Nor has plaintiff attached any right-to-sue letters in relation to his former employers.

---

[1] Although plaintiff fails to mention this in his proposed complaint, Neely and Earp are E.E.O.C. officials.

[2] In fact, plaintiff's proposed complaint does not mention the names of any of his former employers at all.

After a review of plaintiff's proposed complaint, it is clear that plaintiff's case is frivolous and fails to state a claim upon which relief can be granted. With respect to the United States of America and President George Bush, plaintiff has not stated any basis upon which they could be held liable for his employment-related claims. Further, with respect to plaintiff's suggestion that the EEOC and its officers should be held responsible for failure to adequately investigate his employment-related claims, the Court notes that numerous courts have held that there is no private right of action against the EEOC for this sort of claim. See Newsome v. Equal Employment Opportunity Commission, 37 F3d. Appx. 87, 2002 WL 971379, *3-4 (5th Cir. 2002); Quinones v. N.Y.C. Commission on Human Rights, 201 F.3d 432, 1999 WL 1295355, *1 (2d Cir. 1999); Anderson v. Mile High Child Care, 54 F.3d 787, 1995 WL 307560, *1 (10th Cir. 1995); Saccardo v. United States Postal Service, 1989 WL 119174, *2 (D. Mass 1989); Lawrence v. Chairman, Equal Employment Opportunity Commission, 728 F.Supp. 899, 903 (N.D. N.Y. 1990); Edwards v. Equal Employment Opportunity Commission, 1993 WL 96519, *1 (N.D. Cal. 1993); Dillon v. United States Equal Employment Opportunity Commission, 1996 WL 3900, *1 (E.D. La. 1996). Further, it is likely that the defendants are all immune from this suit.

Therefore, for the foregoing reasons, plaintiff's Application for Leave to File Action without Payment of Fees (Doc. No. 1) is **DENIED.**

## II.     Motion to Appoint Counsel (Doc. No. 3)

Plaintiff has requested appointment of counsel. As the Court has found that plaintiff's proposed complaint is frivolous and fails to state a claim upon which relief may be granted, plaintiff's motion for appointment of counsel (Doc. No. 3) will be **DENIED**.

## III.    Conclusion

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 1) is **DENIED**;

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **DENIED**; and

3

Case 4:07-cv-00132-FJG   Document 5   Filed 02/26/07   Page 3 of 4

3. This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal is without prejudice to the filing of a paid complaint.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Gabriel Robles
115 NW Harlem Rd, #207
Kansas City, MO 64116

**IT IS SO ORDERED.**

Date: 2/26/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge

4